

## UNITED STATES DISTRICT COURT
### DISTRICT OF NORTHERN OKLAHOMA

**FILED**

OCT 1 2 2011

Phil Lombardi, Clerk
U.S. DISTRICT COURT

| | | |
|---|---|---|
| (1) JAMES D. MYERS, an individual | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | **Case No.:** |
| (1) USA DRUG & BEAUTY MARKET FRANCHISING SYSTEM, INC., an Arkansas corporation, d.b.a. MAY'S DRUG & DRUG WAREHOUSE | ) ) ) ) ) ) ) | **11 CV - 6 2 9 JHP    TLW** |
| Defendant. | ) ) | ATTORNEY LIEN CLAIM JURY TRIAL DEMANDED |

### COMPLAINT

Plaintiff, through his attorney, would show unto this Court as follows:

#### INTRODUCTION

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §

2000e, *et seq.*, for alleged retaliation and harassment in the workplace.

#### PARTIES

1. Plaintiff is a citizen and resident of Tulsa County, Oklahoma, and was employed by

Defendant in Tulsa County, Oklahoma.

2. Defendant is a corporation organized and existing under the laws of Arkansas and does

substantial business in Oklahoma. Defendant is an "employer" engaged in an industry affecting

commerce within the meaning of 42 U.S.C. § 12101.

#### JURISDICTION AND TRIAL BY JURY

1



3. Plaintiff incorporates by reference each and every allegation contained in above paragraphs.

4. Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC").

5. Plaintiff has properly exhausted all jurisdictionally-required administrative remedies, and he has commenced this action with 90 days of his receipt of his Notice of Right to Sue from the EEOC, which was issued on or around July 14, 2011.

6. This Court's jurisdiction arises under 42 U.S.C. § 2000e-5. Plaintiff requests a trial by jury of all matters which may be submitted to a jury.

<u>STATEMENT OF FACTS</u>

7. Plaintiff, James Myers, is a sixty-one year old male.

8. The Plaintiff was employed for the Defendant since November 29, 2000. He was hired as USA Drug pharmacist with the title of "Pharmacy Manager".

9. Around the middle of June, 2010, plaintiff was contacted by defendant's human resources department who questioned Plaintiff regarding a complaint brought against Jared Bennett, a Pharmacy Supervisor of Defendant, by Louann Bowen, a female pharmacy technician of Defendant.

10. In the interview, Plaintiff voiced his opposition to the termination of the Ms. Bowen and advised the human resources department that he believed Ms. Bowen was terminated because Jared Bennett needed an open position to place a significantly younger, female friend of Jared Bennett.

11. On or about October 30, 2009, Plaintiff was called into the office of Chris Kaiser, Director of Pharmacy Operations, who immediately asked Plaintiff upon entering his office, "You don't like Jared, do you?"

12. Chris Kaiser told Plaintiff that Defendant was "making some changes" and that Plaintiff was being re-assigned to another store owned by Defendant. Chris Kaiser also informed Plaintiff that he would no longer be manager, and that "the pay sucks."

13. Plaintiff was immediately transferred to May's Drug 31st and Sheridan location in Tulsa, and Plaintiff's pay was immediately reduced by approximately $5.00 per hour.

14. During the previous 9 years of employment with Defendant, Plaintiff rendered outstanding service for the company and regularly received satisfactory job evaluations, consistent raises, and his record was free of any major discipline.

15. However, around the first of April, 2010, Amanda Dixon approached Plaintiff and told plaintiff that his store had received complaints about prescription mis-fills and that the entire staff at the store would need to go through a training exercise.

16. Then, on or around April 13, 2010, Amanda Dixon presented Plaintiff with a written warning, and told Plaintiff that a customer has complained that one of his technicians had a mis-filled a prescription. No other information or documentation was given to Plaintiff about the patient who had received the allegedly mis-filled prescription or the technician that allegedly made the error. The Pharmacy Manager, Tony Alonso, also never spoke with Plaintiff regarding the alleged mis-fill.

17. On or about September 9, 2010, Plaintiff's was again called to appear at Chris Kaiser's office. Chris Kaiser and Amanda Dixon were waiting for Plaintiff in Mr. Kaiser's

3

office. Chris Kaiser told Plaintiff that he had received several reports of mis-filled prescriptions and that that Plaintiff was therefore being terminated.

18. The actual reason for Plaintiff's demotion and termination was due to retaliation against Plaintiff for opposing the age based discrimination and termination Ms. Bowen.

### FIRST CLAIM FOR RELIEF
**(Retaliation)**

19. Plaintiff incorporates by reference each and every allegation contained in above paragraphs.

20. Plaintiff engaged in protected activity by opposing Defendant's actions regarding the employment termination of Ms. Bowen.

21. After Plaintiff participated in the investigation and voiced his opposition to Defendant's actions, Defendant took adverse action against Plaintiff by first reducing then eventually stopping all income to Plaintiff.

22. There exists a causal link, based on a temporal proximity, between Plaintiff's protected activity and Defendant's actions.

23. Plaintiff's termination was in retaliation for his protest of the illegal practices of the company and was contrary to the public policy of the State of Oklahoma and of the United States.

24. Defendant's actions are contrary to the express mandates of Title VII which make it "an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U. S. C. §2000e–3(a).

4

25. Plaintiff says that defendant, at all times, has acted willfully and maliciously with respect to its treatment of plaintiff.

26. As a proximate result of his termination, plaintiff has suffered loss of income and loss of fringe benefits and other valuable job rights. Further, plaintiff has suffered emotional distress and mental anxiety.

## SECOND CLAIM FOR RELIEF
### (Violation of Anti-Discrimination statutes, *Okla. Stat.* tit. 25, §§ 1101, 1302)

27. Plaintiff incorporates by reference each and every allegation contained in above paragraphs.

28. Defendant's termination of Plaintiff was in violation of the Oklahoma Constitution and Oklahoma's public policy.

29. Plaintiff's termination by Defendant is contrary to Oklahoma's Anti-Discrimination statute pursuant to the *Burk* public policy tort. Plaintiff is entitled to recover compensatory damages, including, but not limited to, front and back pay, lost benefits, and damages for Plaintiff's emotional distress in an amount greater than $10,000.00. Plaintiff is additionally entitled to recover punitive damages based upon the wanton and willful conduct of the Defendant in an amount greater than $10,000.00

WHEREFORE, Plaintiff prays for judgment against the Defendant providing the Plaintiff with the following relief:

i. For back pay, in an amount to be proven at trial;

ii. For front pay, in an amount to be proven at trial;

iii. For the past and reasonably foreseeable future effects of discrimination upon Plaintiff's employee fringe benefits, in an amount to be proven at trial;

iv. For prejudgment interest for all amounts awarded as prayed herein;

5

v. For compensatory and punitive damages; and

vi. For Plaintiff's costs and reasonable attorney's fees, pursuant to all applicable provisions of law, and for such other and further relief as the Court deems proper, just and equitable.

Respectfully submitted,

PARAMOUNT LAW

Victor R. Wandres, OBA # 19591
115 W. 3rd Street, Ste 820
Tulsa, OK 74103
Phone: 918-585-3045
Fax: 918-585-3047

*Attorneys for Plaintiff*

6